O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PRESTON GRISBY,** | ) NO. CV 11-06355-MAN |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| **MICHAEL J. ASTRUE,** | ) AND ORDER |
| **Commissioner of Social Security,** | ) |
| Defendant. | ) |

Plaintiff filed a Complaint on August 4, 2011, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for supplemental security income benefits ("SSI"). On September 1, 2011, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on June 14, 2012, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for further administrative proceedings; and defendant seeks an order affirming the Commissioner's decision or, in the alternative, remanding the matter for further administrative proceedings. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On October 27, 2003, plaintiff filed an application for SSI, alleging an inability to work since January 1, 2001, due to mental illness, hearing voices, depression, and anxiety. (Administrative Record ("A.R.") 17, 86, 109.) Plaintiff has no past relevant work experience. (A.R. 23.)

Plaintiff's claim was denied initially, upon reconsideration, and, following a hearing, by Administrative Law Judge Eric Benham ("ALJ Benham") in a written decision dated November 17, 2006. (A.R. 17, 39-46.) On November 27, 2006, plaintiff filed a request for review of ALJ Benham's decision (A.R. 60), and on May 30, 2008, the Appeals Council reversed and remanded for further administrative proceedings[1] (A.R. 63-65).

On July 7, 2009, a remand hearing was held before ALJ Robert S. Eisman (the "ALJ"). (A.R. 17.) On July 24, 2009, the ALJ issued an unfavorable decision. (A.R. 17-26.) On June 22, 2011, the Appeals Council denied plaintiff's request for review of that decision. (A.R. 5-8.)

///
///
///

---

[1] The Appeals Council's remand order directed ALJ Benham to "[f]urther assess the claimant's work activity to determine whether work done in the last 15 years is relevant 'work experience[,]' if it lasted long enough to be learned[,] and if it met the threshold level of substantial gainful activity, providing requisite rationale for the conclusion reached." (A.R. 65.)

**SUMMARY OF ADMINISTRATIVE DECISION**

In his July 2009 decision, the ALJ incorporated by reference the evaluation of evidence contained in ALJ Benham's November 2006 decision. (A.R. 17.) The ALJ found that plaintiff has not engaged in substantial gainful activity since October 27, 2003, the application date. (A.R. 19.) The ALJ further found that plaintiff suffers from the "severe" impairments of borderline intellectual functioning and depressive disorder, not otherwise specified. (*Id.*) He concluded that such impairments, however, did not meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the Listing of Impairments. (*Id.*)

The ALJ determined that plaintiff has the residual functional capacity to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he must avoid concentrated exposure to hazardous machinery, unprotected heights or other high risk, hazardous or unsafe conditions; he can perform work that is limited to simple, routine and repetitive tasks in a low stress environment, which is defined as work that does not require more than occasional decisionmaking, judgment or changes in work setting; and he is not required to have more than occasional interaction with the public and co-workers, and is not required to perform any more than occasional tandem tasks with co-workers.

(A.R. 21.)

The ALJ determined that plaintiff has no past relevant work history, but having considered plaintiff's age, education, work experience, and residual functional capacity, and in reliance on testimony from a vocational expert, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, such as a laundry worker, dining room attendant, cleaner, and ironer. (A.R. 24-25.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since October 27, 2003, through the date of the ALJ's decision. (A.R. 26.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a

whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

## DISCUSSION

Plaintiff raises a single issue, *i.e.*, that the ALJ failed to evaluate plaintiff's disability properly based on Listing 12.05C under the equivalence theory. (Joint Stipulation ("Joint Stip.") at 3.)
///
///

1  **I.  The ALJ's Finding That Plaintiff's Impairments Do Not
2      Meet or Equal A Listing Is Not Supported By Substantial
3      Evidence.**

Conditions set forth in the Listing of Impairments ("Listings") are considered so severe that "they are **irrebuttably** presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." Lester v. Chater, 81 F.3d 821, 828 (9th Cir. 1995)(emphasis added). The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary." Sullivan v. Zebley, 493 U.S. 521, 532 (1990). If a claimant shows that his impairments meet or equal a Listing, he will be found presumptively disabled. 20 C.F.R. §§ 416.925-416.926.

Plaintiff contends that the evidence establishes that his impairment equals the criteria of Listing 12.05C.[2] To be considered disabled under Listing 12.05C, plaintiff must show the following:

---

[2]  Plaintiff concedes that, because of his existing IQ test results, he cannot "meet" Listing 12.05C. (Joint Stip. at 5.) However, he argues that he may "equal" the Listing pursuant to POMS DI 24515.056, which provides:

> Listing 12.05C is based on a combination of an IQ score with an additional and significant mental or physical impairment. The criteria for this paragraph are such that a medical equivalence determination would very rarely be required. However, slightly higher IQ's (e.g., 70-75) in the presence of other physical or mental disorders that impose additional and significant work-related limitation of function may support an equivalence determination. It should be noted that generally the higher the IQ, the less likely medical equivalence in combination with another physical or mental impairment(s) can be found.

POMS DI 24515.06(D)(1)(c).

6

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairments before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. Part 404, Subpt. P, App. 1 § 12.05.C.

As noted above, the ALJ found that plaintiff has severe mental impairments but concluded that they did not meet or equal a Listing. The ALJ expressly based his conclusion that no Listing was satisfied on the fact that all of plaintiff's intelligence quotient (IQ) scores of record are above 70. (A.R. 21.) While it is true that plaintiff's verbal IQ score of 73, performance IQ score of 75, and full-scale IQ score of 72 preclude plaintiff from precisely meeting Listing 12.05C, the question still remains whether plaintiff's impairments *equal* Listing 12.05C. If plaintiff's other limitations are severe enough to impose significant work-related limitations, an equivalence determination may

be made, despite plaintiff's slightly higher IQ scores than those specified in the Listing.

The ALJ wholly failed to consider whether plaintiff equals Listing 12.05C. Due to plaintiff's additional limitations, the ALJ should have undertaken the task of analyzing whether plaintiff equals Listing 12.05C. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990)("[I]n determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of . . . the combined effects of the impairments.") If the ALJ believed that plaintiff did not equal Listing 12.05C, the ALJ was required to explain why, and his failure to do so constitutes reversible error. *Id.*

The second requirement of Listing 12.05C is that there be a physical or mental impairment that imposes an "additional and significant work-related limitation of function." The ALJ found that plaintiff has the severe mental impairments of borderline intellectual functioning *and* depressive disorder, not otherwise specified. (A.R. 19.) The ALJ further found that, based on these two severe mental impairments, plaintiff has the non-exertional limitations mentioned above.

Numerous Circuits have found that an ALJ's finding of an additional impairment that is severe *ipso facto* satisfies the second prong of Listing 12.05C. *See, e.g.*, Markle v. Barnhart, 324 F.3d 182, 188 (3d Cir. 2003); Nieves v. Sec'y of Health and Human Services, 775 F.2d 12, 14 (1st Cir. 1985); Castillo v. Barnhart, 2002 WL 31255158, *11-*12

(S.D.N.Y. 2002)(collecting and discussing cases). Indeed, some Circuits have opined that a showing of an impairment that is less than severe may be sufficient to satisfy the Listing's second prong. *Id.; see also* Edwards v. Heckler, 736 F.2d 625, 630 (11th Cir. 1984). The Ninth Circuit has held that the test is whether, as to the additional impairment, "the effect on a claimant's ability is more than slight or minimal." Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir. 1987).

Here, the ALJ found at least one "additional" mental impairment, *to wit*, plaintiff's depressive disorder, which is "severe" for Step Two purposes. By finding this impairment to be "severe," the ALJ necessarily concluded that this impairment has more "'than a minimal effect on [plaintiff's] ability to work.'" Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)(citing Social Security Ruling 85-28 and Yuckert v. Bowen, 841 F.2d 303 (9th Cir. 1988)); *see also* 20 C.F.R. § 416.921(a) ("[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."); Social Security Rule 96-8p, 1996 WL 374184, *2 (a severe impairment has more than a minimal effect on a claimant's ability to do work). Moreover, as quoted above, the ALJ found that plaintiff's severe impairments have resulted in a number of limitations on his ability to work that clearly are more than slight or minimal. (A.R. 16.) As a result, under existing precedent, the second prong of Listing 12.05C necessarily was satisfied by the ALJ's Step Two finding of the existence of this "additional" impairment. The ALJ's apparent conclusion otherwise was erroneous.

Finally, while defendant offers several reasons to explain the

determination that the requirement in the first paragraph of Listing 12.05, that the "evidence demonstrates or supports onset of the impairment before age 22," is not satisfied -- including, *inter alia*, that plaintiff stated he was not in special education classes as a child -- the Court cannot entertain these post hoc rationalizations. *See*, *e.g.*, Connett, 340 F.3d at 874 (finding that '[i]t was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

Accordingly, for the reasons set forth above, the ALJ's Step Three finding constitutes error.  This error was not harmless, and warrants reversal.

**II.  Remand Is Required**.

As indicated above, the Court has found that reversible error occurred.  Because outstanding issues must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000).  On remand, the ALJ must consider whether plaintiff equals Listing 12.05C, and if the ALJ finds that plaintiff does not, the ALJ must adequately explain his reasoning.

///
///
///
///
///

## CONCLUSION

Accordingly, for the reasons stated above, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings consistent with the Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 24, 2012

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE